FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 10 2003

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK MUNIZ,

    Petitioner,

vs.

                        Civil No. 03-0082 LH/WWD

DAVID TRUJILLO, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed February 24, 2003 **[Doc. 10]**. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 17, 2003. Mr. Muniz is currently incarcerated[1] and is proceeding *pro se* and *in forma pauperis*.

2. On August 1, 1979, a jury convicted Mr. Muniz of Robbery while Armed with a Deadly Weapon and he was sentenced to serve fifteen (15) to fifty-five (55) years of imprisonment in New Mexico Cr. No. 31816. See *Judgment, Sentence and Commitment, dated Aug. 24, 1979, Ex. A to Resp'ts' Answer* **[Doc. 9]**. On January 10, 1980, the Second Judicial District Court vacated Mr. Muniz' previously imposed sentence and imposed a term of imprisonment "of not less than FIFTY-FIVE (55) years nor more than ONE-HUNDRED and SIXTY-FIVE (165) years," based on his status as an habitual offender. *Judgment, Sentence and Commitment, dated Jan. 10, 1980, Ex. A to Resp'ts' Answer*. Petitioner apparently challenges

---

[1] Respondents contend that Petitioner is in custody pursuant to the judgment and sentence imposed in Cr. No. 31816 on January 10, 1980, see *Answer* ¶ 1, while Petitioner contends that he is in custody pursuant to a judgment and sentence imposed in Cr. No. 00-1255 on November 6, 2000, see *Pet'r's Resp. at 3*.

13

"the constitutionality of [his] prior conviction [in Cr. No. 31816] [because it] was used to enhance [the] new conviction [of aggravated assault in] cause No. CR-00-01255."[2] *Pet'r's Answer to Resp'ts' Mot. to Dismiss Pet. ("Resp.") at 3.*

3. Respondents move to dismiss Mr. Muniz' petition on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA established a one-year time limitation for filing petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner's conviction became final before the effective date of the AEDPA (April 24, 1996), the one-year statute of limitations in his case did not begin to run until April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). The limitations period expired on April 24, 1997. Mr. Muniz did not file his federal petition by April 24, 1997.

4. The statute also provides a tolling of the limitations period for any "properly filed" applications for "post-conviction or other collateral review." Id. No tolling applies here, however, because Petitioner apparently did not seek any post-conviction relief or collateral review until March 25, 2002, almost five years *after* the one-year period had already ended on April 24, 1997. See *Ex. C, Answer.*

5. Finally, although Petitioner does not challenge his conviction of aggravated assault in Cr. No. 00-1255, he apparently objects to the use of his prior conviction in Cr. No. 31816 to

---

[2] In his § 2254 petition, Mr. Muniz does not attack the underlying conviction for aggravated assault in Cr. No. 00-1255. Indeed, the claims raised in his petition challenge only the validity of the conviction and sentencing procedures associated with Cr. No. 31816.

2

enhance his aggravated assault charge. However, just as the limitations period precludes Petitioner's attack on his conviction in Cr. No. 31816, it likewise forecloses a challenge to the validity of that conviction for enhancement purposes.

6. Although the limitations period may be equitably tolled, the principles of equitable tolling apply only where a prisoner has diligently pursued his federal habeas claims. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(1998). Such is not the case here. Petitioner fails to offer a satisfactory explanation for filing his federal petition more than five years past the expiration of the limitations period.

7. Nor does Petitioner's erroneous belief that he has "one year from [the] . . . state supreme court['s] [denial of his state habeas], to file [his federal petition] with the federal court," *Resp. at 2*, constitute the extraordinary circumstances that warrant equitable tolling. See Schmidt v. Scott, 201 F.3d 449, 1999 WL 1040527, at **2 (10th Cir. Nov. 17, 1999) (citing United States v. Reed, 114 F.3d 1053, 1057 (10th Cir. 1997)) (rejecting petitioner's "ignorance of the law" defense to untimely filing). Accordingly, Respondents' motion to dismiss should be granted.

### Recommendation

I recommend: (1) that Respondent's Motion to Dismiss, filed November 30, 1998 [Doc. 10] be GRANTED; (2) that Petitioner's application for Writ of Habeas Corpus **[Doc. 1]** be DENIED and this cause be DISMISSED WITH PREJUDICE; and (3) that any pending motions be denied as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*[signature]*
UNITED STATES MAGISTRATE JUDGE